UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE SCOTT BATTICE,

  Movant,

v.

               File No. 1:15-cv-329

               HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

  Respondent.
_____/

**O P I N I O N**

  Pending before this Court is Movant Duane Scott Battice's pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him (ECF No. 1). The government filed a response to this motion (ECF No. 7) and Movant has not filed a reply. The Court has carefully considered the arguments presented, and for the reasons that follow, the Court denies the § 2255 motion and issues this Opinion, Final Order, and Judgment. *See* Rules Governing § 2255 Cases, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

**I.**

  On January 27, 2011, Movant pled guilty to one count of production of child pornography pursuant to a plea agreement (No. 1:10-cr-357, ECF Nos. 15, 16). On September 16, 2011, this Court sentenced Movant to 288 months' imprisonment (ECF No. 29). Judgment was entered on September 23, 2011. (ECF No. 30.) Movant did not appeal.

  On March 26, 2015, Movant filed his petition for post-conviction release. (No. 1:15-cv-329, ECF No. 1.) Movant argues that the Court lacked federal jurisdiction over his criminal case because the hard drive and camera used in his crime did not provide a basis for subject matter jurisdiction.

(Petition at 2.) The government filed a response to the motion on May 21, 2015. (ECF No. 7.) Government contends that Movant's motion is untimely and his claim is without merit.

## II.

**A.     Motion Standards**

A prisoner who moves to vacate his sentence under 28 U.S.C. § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To prevail on a § 2255 motion, the movant must demonstrate "the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

The general rule is that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003). However, "[a] § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances," *DuPont v. United States,* 76 F.3d 108, 110 (6th Cir. 1996) (internal citations and quotation marks omitted), or "an intervening change in the case law." *Wright*

*v. United States*, 182 F.3d 458, 467 (6th Cir. 1999).

In an action to vacate or correct a sentence, a court is generally required to grant a hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if Movant's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b). Where the judge considering the § 2255 motion also conducted the trial, the judge may rely on his or her recollections of the trial. *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

It is unnecessary to address the timeliness of Movant's petition because his legal claim is clearly without merit. The files and records in this case conclusively show that Movant is not entitled to relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion.

**B.   Subject Matter Jurisdiction**

Movant argues that the Supreme Court has rejected jurisdictional hooks like the one employed in his case, in which the computer and camera used in the commission of this crime supported federal jurisdiction because they had been manufactured outside the state of Michigan. (Mov.'s Br. at 4, ECF No. 2.) The Sixth Circuit has directly addressed the precise issue raised by Movant, and rejected the case-by-case analysis advanced by Movant under *United States v. Lopez*,

3

514 U.S. 549 (1995), and *United Sates v. Morrison*, 529 U.S. 598 (2000). In light of *Gonzales v. Raich*, 545 U.S. 1 (2005), the Sixth Circuit opined that it "cannot envision, after *Raich*, a circumstance under which an as-applied Commerce Clause challenge to a charge of child-pornography possession or production would be successful." *United States v. Bowers*, 594 F.3d 522, 530 (6th Cir. 2010).

Under the lengthy reasoning provided in *Bowers*, this Court finds that it did not lack federal subject matter jurisdiction. Movant's position has no legal support.

## III.

Having determined that Movant's arguments do not merit granting his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence imposed upon him, this Court may also determine whether to issue a certificate of appealability on these constitutional claims. *See Castro v. United States*, 310 F.3d 900, 901-03 (6th Cir. 2002).

A certificate of appealability should issue if the Movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, a district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the United States Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.* Consequently, this Court has examined Movant's arguments under the *Slack* standard.

To warrant a grant of the certificate, "the [Movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*,

4

529 U.S. at 484. The Court holds that reasonable jurists could not find this Court's assessment of Movant's arguments debatable or wrong. Therefore, the Court denies Defendant a certificate of appealability as to each issue presented.

## IV.

For the foregoing reasons, the Court denies Movant's § 2255 motion and denies a certificate of appealability as to each issue raised.

The Court will issue a Final Order and Judgment consistent with this Opinion.


Dated: June 24, 2015                    /s/ Robert Holmes Bell
                                                                             ROBERT HOLMES BELL
                                                                             UNITED STATES DISTRICT JUDGE